OPINION
On March 28, 1997, Ohio State Highway Patrol Trooper Kevin Titler cited appellant, Scott Bemiller, for failure to control his tractor-trailer rig in violation of R.C. 4511.202.
A bench trial commenced on September 4, 1997. By judgment entry filed September 23, 1997, the trial court found appellant guilty and ordered appellant to pay costs in the amount of $81.00
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignment of error is as follows:
I
 THE TRIAL COURT ERRED WHEN HE ENTERED JUDGMENT OF CONVICTION AGAINST DEFENDANT/APPELLANT WHEN THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION OF OPERATING A MOTOR VEHICLE WITHOUT REASONABLE CONTROL IN VIOLATION OF OHIO REVISED CODE SECTION 4511.202 THEREBY MAKING THE CONVICTION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant claims his conviction for failure to control was against the manifest weight of the evidence. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
R.C. 4511.202 states "[n]o person shall operate a motor vehicle * * * on any street, highway, or property open to the public for vehicular traffic without being in reasonable control of the vehicle * * *." Appellant argues he had reasonable control of his vehicle despite the fact he drove through a ditch, knocked down a street sign and created 500 feet of lawn damage. Appellant described the incident as follows:
 A. I was coming in about — I'd say about 1:30, the way he had it, and I went to make my swing. I swung out wide, which I thought I did. It was foggy and dark, and I made my swing. I got over in the other ditch line with my tractor. When I started to make my full turn, I felt the trailer drop into the ditch, and then I knew right there something happened. I was beyond the point where I couldn't back out, and the only way I could go was forward. So I just went ahead, went up, turned around at the other end of the road, and came back down and parked for the morning — for that night. And, come morning, I was going to call the township and have them notified.
T. at 14.
R.C. 4511.202 requires an individual to be in "reasonable control" of his/her vehicle. Trooper Titler testified to him, reasonable control "would be staying on the road." T. at 7. Although the trial court did not give findings of fact and conclusion of law with its decision, the trial court did state the following at the conclusion of the trial:
 THE COURT: Oh, I'm going to research it. If you find something, you can provide it to me. I'm going to take it under advisement. Because my feeling is, absent what the case law says, that if he does have a CDL, which his LEADS printout says, he's been driving for 20 years or 16 years, that reasonable would be being able to make this turn or knowing you can't make the turn and turn someplace else to work yourself around into the area that you were going to go.
 But I want to see what the case law says first as to what reasonable is as it relates to the fact pattern of this case. So the court will take it under advisement.
T. at 29.
The test for reasonableness is essentially a subjective one. The Ohio Jury Instructions define reasonable control as "the control or care that a (cautious) (careful) person would use under the same or similar circumstances." See, 2, 3 Ohio Jury Instructions (1996) 39, Section 225.202.
Appellant was an experienced truck driver, driving for about sixteen years. T. at 18-19. At the time of the accident, appellant was pulling a longer trailer than usual. T. at 14. Appellant was aware of the sharpness of the turn (T. at 15), and admitted he "didn't want to take a chance" on making the turn with a longer trailer again. T. at 21.
Given the trial court's statements in the record, the definition on reasonable control cited supra and the facts subjudice, we find sufficient evidence to find appellant guilty of failure to control and no manifest miscarriage of justice.
The sole assignment of error is denied.
The judgment of the Mansfield Municipal Court of Richland County, Ohio is hereby affirmed.
By Farmer, P.J., Gwin, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court of Richland County, Ohio is affirmed.